UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61205-CIV-MARRA/HOPKINS

NINGHAI GENIUS CHILD PRODUCT CO. LTD.,

    Plaintiff,

vs.

KOOL PAK, INC.,

    Defendant.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss, Motion for More Definite Statement, and Motion to Strike Demand for Attorney's Fees (DE 29). This matter is fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. Background[1]

This is a breach of contract claim, based on diversity jurisdiction, brought by Plainitff Ninghai Genius Child Product Co., Ltd. against Defendant Kool Pak, Inc. Plaintiff is a manufacturer of various types of bags, including tote and cooler bags, and Defendant is a supplier of tote and cooler bags. Complaint at ¶¶ 6-7.

The underlying matter arises out of a series of orders for bags that were placed by Defendant beginning in July 2009. Complaint at ¶¶ 13-16. Plaintiff asserts that: (1) Plaintiff received numerous purchase orders for bags from Defendant; (2) Plaintiff fulfilled those orders;

---

[1] The facts are taken from Plaintiffs' Complaint and are assumed true in considering Defendant's Motion to Dismiss.

(3) Defendant accepted delivery of the bags; (4) Defendant never rejected acceptance of the bags; and (5) Defendant failed to make payment on the total amount owed for the bags.  Complaint at ¶¶ 17-22.  Plaintiffs further asserts that "Based on a history of custom and practice between [Defendant] and [Plaintiff], all sales were final and non-cancellable once the purchase orders were received by [Defendant]."  Complaint at ¶ 18.

Plaintiff also alleges Defendant placed a series of additional orders between September 2009 and May 2010.  Complaint at ¶ 30.  Plaintiff began to fill the additional orders by both obtaining the necessary materials and parts and beginning to produce some of the requested bags.  Complaint at ¶ 32.  On November 24, 2010, Defendant's counsel sent an e-mail to Plaintiff's counsel indicating that Defendant would not be honoring its commitment as to the additional orders.  Complaint at ¶ 38.  In response to this e-mail, Plaintiff "reasonably deemed itself to be insecure and sought assurances in writing from [Defendant] that [Defendant] would perform all of its obligations under the Additional Orders."  Complaint at ¶ 39.  Despite these requests, Plaintiff alleges Defendant failed to fulfill its obligations under both the first set of orders as well as the additional orders.  Complaint at ¶¶ 44-50.

Plaintiff subsequently filed the underlying complaint alleging: (1) breach of contract; (2) "account stated"; (3) promissory estoppel; and (4) unjust enrichment.  Defendant now seeks to: (1) dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); (2) compel a more definite statement pursuant to Federal Rule of Civil Procedure 12(e); and strike Plaintiff's demand for attorneys' fees pursuant to Federal Rule of Civil Procedure 12(f).

## II.  Motion to Dismiss

*A.  Legal Standard*

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of

the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

*B.  Discussion*

Defendant sets forth three general reasons for this Court to dismiss Plaintiff's Complaint: (1) failure to attach alleged purchase orders; (2) failure to allege any factual basis for its claim of a "history of custom and practice,"; and (3) failure to attach copies of its alleged written demands for assurances of performance.  Defendant also specifically attacks Plaintiff's claims for breach of contract, promissory estoppel, and unjust enrichment.

1.  General Attacks

Preliminarily, the Court notes that nothing in the Federal Rules of Civil Procedure requires the attachment of supporting documents to a complaint.  See Partner's Produce, Inc. v. Newport Int'l of Tierra Verde, Inc., 2010 WL 2950005, *3 (S.D. Fla. 2010) (citing United States ex re. Chabot v. MLU Svcs., Inc., 544 F. Supp.2d 1326, 1329 (M.D. Fla. 2008)).  Accordingly, Defendant's first and third bases for dismissal are rejected.

Defendant also seeks dismissal because Plaintiff has failed to allege "any ultimate facts" pertaining to the history of custom and practice or the alleged date or context of any alleged representations.  Motion at p. 3.  Defendant's reliance on the "ultimate facts" requirement of the **Florida** Rules of Civil Procedure is misguided.  See Vacation Club Services, Inc. v. Rodriguez, 6:10-CV-247ORL31GJK, 2010 WL 1645129 (M.D. Fla. Apr. 22, 2010) ("Morris also contends that Count V fails to satisfy Florida's factual pleading standard by failing to allege "ultimate facts."  Morris forgets that the Federal Rules of Civil Procedure-not the Florida rules-apply in this Court.  See Erie R .R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny; see also 28 U.S.C. § 2072.")  Further, Defendant improperly asserts that Plaintiff must allege specific dates in its Complaint filed in federal court.  See MLU Svcs., Inc., 544 F. Supp.2d at 1329 ("nor must Plaintiff allege a specific date at this point in the proceeding.")

2.  Breach of Contract

The crux of Defendant's argument as to the breach of contract claim is that Plaintiff failed to adequately plead the existence of a legally binding contract.  The Court rejects this argument.  Plaintiff's Complaint adequately alleges that Defendant placed an Order with Plaintiff, Plaintiff fulfilled that order, and Defendant failed to pay.  Accordingly, the Court finds that Plaintiff has adequately pled a claim for breach of contract.

3. Promissory Estoppel and Unjust Enrichment

Defendant next seeks to dismiss Plaintiff's claims for promissory estoppel and unjust enrichment because they conflict with Plaintiff's breach of contract claim.  The Court acknowledges that "it is improper for the claims for promissory estoppel and unjust enrichment to incorporate the allegation of the existence of a written contract," however, "Plaintiff is not prevented from pursuing the alternative claims of breach of contract, unjust enrichment and promissory estoppel in separate counts." JI-EE Ind. Co., Ltd. v. Paragon Metals, Inc., 2010 WL 1141103, *1 (S.D. Fla. 2010).  Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's claims for promissory estoppel and unjust enrichment.

C. Conclusion

For all the aforementioned reasons, Defendant's Motion to Dismiss is **DENIED**.

### III.  Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) provides:

> **(e) Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Defendant asserts that "based on all of the foregoing complaints, Plaintiff's Amended Complaint is so vague or ambiguous that [Defendant] cannot reasonably prepare a response to it." Motion at p. 10.  As stated above, the Court rejects Defendant's arguments with regard to Plaintiff's alleged failure to include specific dates or documents with the Complaint.

Accordingly, Defendant's Motion for More Definite Statements is **DENIED**.

### IV. Motion to Strike Attorney's Fees

Defendant's also seek to strike Plaintiffs' request for attorney's fees because Plaintiff failed to allege any statutory or contractual basis that would support such an award. In its Response, Defendant concedes the failure to set forth a legal basis for attorney's fees, and it seeks leave to amend its Complaint to cure the deficiency. The Court will grant Defendant leave to amend the Complaint to articulate a valid basis for an award of attorney's fees. Accordingly, the Court will **GRANT** Plaintiffs' Motion to Strike Plaintiffs' Prayer for Attorney's Fees with leave to amend.

### V. Conclusion

For all the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss is **DENIED**. Defendant's Request for More Definite Statement is **DENIED**. Defendant's Motion to Strike Attorneys' Fees is **GRANTED**. Plaintiff is given leave to amend the Complaint to articulate a legal basis for an award of attorney's fees. Any such amendment must be filed within 14 days of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of April, 2012.

_____
KENNETH A. MARRA
United States District Judge